UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELAINE THOMAS,

       Plaintiff,                              Civil Action No. 14-CV-13480
vs.                                          HON. MARK A. GOLDSMITH

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 20), (2) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Dkt. 18), (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 13), AND (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 16)**

## I.  INTRODUCTION

In this social security case, Plaintiff Elaine Thomas appeals from the final determination of the Commissioner of Social Security that she is not disabled and, therefore, not entitled to disability benefits. The matter was referred to Magistrate Judge David R. Grand for a Report and Recommendation ("R&R"). The parties filed cross-motions for summary judgment (Dkts. 13, 16), and Magistrate Judge Grand issued an R&R recommending that the Court deny Plaintiff's motion for summary judgment and grant Defendant's motion for summary judgment (Dkt. 18). Plaintiff filed objections to the R&R (Dkt. 20); Defendant did not file a response. For the reasons that follow, the Court overrules Plaintiff's objections, accepts the recommendation contained in the Magistrate Judge's R&R, denies Plaintiff's motion for summary judgment, and grants Defendant's motion for summary judgment.

## II.  LEGAL STANDARD

The Court reviews de novo those portions of the R&R to which a specific objection has

1

been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Under 42 U.S.C. § 405(g), this Court's "review is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" Ealy v. Comm'r of Soc. Sec., 594 F.3d 504, 512 (6th Cir. 2010) (quoting Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In determining whether substantial evidence exists, the Court may "look to any evidence in the record, regardless of whether it has been cited by [the Administrative Law Judge ("ALJ")]." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 535 (6th Cir. 2001). "[T]he claimant bears the burden of producing sufficient evidence to show the existence of a disability." Watters v. Comm'r of Soc. Sec. Admin., 530 F. App'x 419, 425 (6th Cir. 2013).

### III. ANALYSIS

Plaintiff raises two objections to the Magistrate Judge's R&R. First, Plaintiff argues that the principle of res judicata does not apply to her current residual functional capacity ("RFC") determination. Pl. Obj. at 2. Second, Plaintiff takes issue with the manner in which the ALJ considered the medical-source opinion of Dr. Bina Shaw, M.D. Id. at 5. The Court addresses each objection in turn.

**A. Objection One**

Plaintiff's first objection is not entirely clear. She acknowledges that, absent a change in her condition, ALJ Dunn was bound by the RFC contained in her previous disability determination by Judge Xenos. Pl. Obj. at 2. She then appears to challenge the Magistrate

Judge's conclusion that Plaintiff's use of a cane does not demonstrate a material worsening in Plaintiff's condition since the date of Judge Xenos's decision. Id.; see also R&R at 10-11.

By way of background, the Magistrate Judge stated that Plaintiff relied on four evidentiary items to demonstrate a material worsening in condition, three of which are relevant to the present objection: (i) Plaintiff's subsequent ataxia diagnosis; (ii) subsequent MRI evidence of radiculopathy; and (iii) Plaintiff's use of a cane. R&R at 10.[1] It appears that Plaintiff argued that these new diagnoses required her to use a cane, which evidences a material worsening since ALJ Xenos's decision. Id. at 10-11; Pl. Mot. at 6-7; Pl. Reply at 1-2 (Dkt. 17). However, the Magistrate Judge determined that Plaintiff did not demonstrate that either her radiculopathy or her ataxia require her to use a cane; rather, the Magistrate Judge observed that the record indicates that Plaintiff was using a cane well before ALJ Xenos's decision. R&R at 10-11. Accordingly, the Magistrate Judge concluded that Plaintiff's new diagnoses failed, on their own, to evidence a worsening in condition, R&R at 10, and that Plaintiff's use of a cane was not "a new finding demonstrating a worsening of her condition since" ALJ Xenos's decision, id. at 11.

Plaintiff now argues that she "is not required to prove the medical reason that 'requires her to use a cane,'" particularly as the medical records acknowledge Plaintiff's use of it. Pl. Obj. at 2. The remainder of Plaintiff's argument appears to challenge ALJ Xenos's failure to incorporate the use of a cane in her initial RFC, and she also faults ALJ Dunn for failing to include the use of a cane in Plaintiff's subsequent RFC. Id. at 2-3.

Pursuant to the principles of res judicata, the Commissioner is bound by a previous disability determination absent new and additional evidence of changed circumstances.

---

[1] "Ataxia is a 'failure of muscular coordination; irregularity of muscular action.'" Davis v. Comm'r of Soc. Sec. Admin., No. 5:12-CV-2577, 2013 WL 3884188, at *3 n.3 (N.D. Ohio July 26, 2013) (quoting Dorland's Illustrated Medical Dictionary 170 (Saunders, 30th ed. 2003)).

3

Drummond v. Comm'r of Soc. Sec., 126 F.3d 837, 842 (6th Cir. 1997); see also Haun v. Comm'r of Soc. Sec. Admin., 107 F. App'x 462, 464 (6th Cir. 2004). Accordingly, Plaintiff must "show that her condition so worsened in comparison to her earlier condition that she was unable to perform substantial gainful activity." Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1232-1233 (6th Cir. 1993).

To the extent Plaintiff is challenging ALJ Xenos's RFC finding, the principles of res judicata exist to prevent just that. See Drummond, 126 F.3d at 840, 842. Moreover, Plaintiff herself acknowledges that the record "establishes that [she] has been using a cane well prior to ALJ Xenos's February 2010 decision." Pl. Obj. at 2. Indeed, ALJ Xenos noted the use of a cane, but the ALJ also indicated that the consultative medical examiner did not believe that the cane was necessary for ambulation. Administrative Record ("A.R.") at 103-104 (Dkt. 10).

Plaintiff bears the burden of establishing any deterioration in her medical condition. See Merrill v. Colvin, No. 2:14-cv-262, 2015 WL 1637435, at *2, 6 (S.D. Ohio Apr. 13, 2015). Accordingly, Plaintiff must offer evidence that the circumstances now are different than they were at the time of ALJ Xenos's decision. See Kennedy v. Astrue, 247 F. App'x 761, 768 (6th Cir. 2007) ("Because this is a case which requires a showing of changed circumstances . . . in order to displace earlier findings, a comparison between circumstances existing at the time of the prior decision and circumstances existing at the time of the review is necessary." (internal citation omitted)).

But the medical evidence Plaintiff cites now in support of her argument appears to merely reference in passing the use of a cane. See A.R. at 376, 379, 396. None of the records indicate that the cane is medically necessary or otherwise required, nor do they provide any substantive comment on Plaintiff's use of the cane. Id. Thus, it was reasonable for the ALJ to conclude that

4

the circumstances are the same now as they were at the time of ALJ Xenos's decision, and that Plaintiff's use of the cane was not new and material evidence demonstrating that Plaintiff's condition had worsened. See also Shell v. Colvin, No. 13-205-GFVT, 2015 WL 268861, at *7 (E.D. Ky. Jan. 21, 2015) (ALJ barred from considering physician opinions anew under principles of res judicata). [2]

Plaintiff also argues that res judicata does not apply to her current RFC because there are slight differences between ALJ Xenos's RFC and ALJ Dunn's RFC. Pl. Obj. at 3-4. Specifically, Plaintiff observes that ALJ Xenos limited Plaintiff to light work with a sit/stand option, but that ALJ Dunn limited Plaintiff to light work with a sit/stand at will option. Id. at 3. Plaintiff also points out that ALJ Xenos limited Plaintiff to occasional fine manipulation in her right non-dominant hand and frequent fine manipulation in her left dominant hand, but that ALJ Dunn limited Plaintiff to just occasional manipulation in her right hand and frequent manipulation in her left hand. Id. at 4. According to Plaintiff, the specification that Plaintiff must be able to sit/stand at will is more restrictive than her previous RFC, while the omission of "fine" from Plaintiff's ability and frequency to manipulate results in a less-restrictive RFC. Id. at 3, 4.

This argument was not presented to the Magistrate Judge. In fact, while Plaintiff presents the two RFCs side-by-side in her motion for summary judgment, she states, "the only

---

[2] Plaintiff also raises an argument that, in failing to include the use of a cane in ALJ Dunn's hypothetical to the Vocational Expert, the ALJ failed to supply a hypothetical that accurately portrayed Plaintiff's physical impairments, and, therefore, the Vocational Expert's response cannot constitute substantial evidence for the ALJ's decision. Pl. Obj. at 3. However, "in formulating a hypothetical question, an ALJ is only required to incorporate those limitations which he has deemed credible." Gant v. Comm'r of Soc. Sec., 372 F. App'x 582, 585 (6th Cir. 2010). In determining that there had been no significant changes in Plaintiff's medical findings, ALJ Dunn adopted the RFC by ALJ Xenos, which also did not include use of a cane. The omission of the use of a cane was permissible to the extent the ALJs found that the use of the cane was not medically necessary. See A.R. at 103-104.

difference . . . is the most recent one discusses upper extremity manipulation which is a more general vocational term than 'fine manipulation.'" Pl. Mot. at 5. There is no mention of the difference between the two RFCs with respect to the "at will" specification for the sit/stand option. Moreover, there is no further argument that the difference described by Plaintiff renders res judicata inapplicable to Plaintiff's case. A failure to raise a specific argument before a magistrate judge renders that argument waived; courts generally will not consider new arguments presented for the first time on review by the district judge. Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000); Murphy v. Lockhart, 826 F. Supp. 2d 1016, 1025-1026 (E.D. Mich. 2011) (collecting cases). Accordingly, the Court declines to address those arguments. Plaintiff had a full and fair opportunity to present these arguments to the Magistrate Judge; she does not get a second bite at the apple by presenting new arguments for the first time to this Court upon her objections. This objection is overruled.

**B. Objection Two**

Plaintiff's second objection concerns "whether the findings by the consultative examiner, Bina Shaw, MD, were properly analyzed in light of the ALJ's decision to apply res judicata." Pl. Obj. at 5. Plaintiff takes issue with ALJ Dunn's failure to incorporate certain restrictions identified by Dr. Shaw into the new RFC. Id. Plaintiff argues that if Dr. Shaw's restrictions — specifically, a prohibition on bending — had been incorporated into the RFC then the ALJ could not apply res judicata, and the no-bending restriction would be incompatible with Plaintiff's ability to perform light and sedentary work. Id.

Plaintiff further argues that ALJ Dunn failed to explain why he did not include a restriction regarding bending in the RFC, and also failed to incorporate this restriction into the hypothetical posed to the Vocational Expert. Id. at 5-6. Plaintiff asserts that this failure violated

6

the "narrative discussion" requirement, and that "more than an implicit evaluation of evidence in the record" is required. Id. at 6.

Plaintiff's argument fails to appreciate that Dr. Shaw's examination was conducted in connection with an earlier application for disability benefits, which was subsequently denied and which Plaintiff failed to appeal. See R&R at 11 n.4. Specifically, after ALJ Xenos's decision, dated February 26, 2010, A.R. at 106, Plaintiff submitted a subsequent application for disability benefits in March 2010, which was denied at the initial level in September 2010, id. at 117, 128, 232-233. Plaintiff did not appeal that initial denial by requesting a hearing with an ALJ. Id. at 117, 128. Plaintiff's consultative examination by Dr. Shaw on August 19, 2010, id. at 281, appears to be in connection with the March 2010 filing, because her next application was not made until March 2012, id. at 116, 127, 232. Because Dr. Shaw's opinion was submitted in connection with a prior claim for benefits that was then denied, ALJ Dunn was not required to consider Dr. Shaw's report. See Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 687 (6th Cir. 1992) (ALJ not required to consider treating physician opinion where the opinion related to claimant's condition prior to alleged onset date of disability and had been submitted with an earlier application for benefits that was denied); Shell, 2015 WL 268861, at *7; Ruth v. Astrue, No. 3:10-CV-123, 2011 WL 2224532, at *4 (E.D. Tenn. May 2, 2011) (ALJ "not required to consider or discuss evidence that related to a prior claim for benefits which was denied and not appealed"), report adopted by 2011 WL 2213944 (E.D. Tenn. June 7, 2011). Accordingly, Plaintiff's objection, premised on the ALJ's failure to consider or evaluate Dr. Shaw's opinion and its attendant restrictions, is without merit.

## IV.  CONCLUSION

For the foregoing reasons, the Court accepts the recommendation contained in the Magistrate Judge's Report and Recommendation (Dkt. 18).  Plaintiff's motion for summary judgment is denied (Dkt. 13), and Defendant's motion for summary judgment is granted (Dkt. 16).

SO ORDERED.


Dated:  September 23, 2015             s/Mark A. Goldsmith
Detroit, Michigan                      MARK A. GOLDSMITH
                                       United States District Judge


### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 23, 2015.

                                       s/Carrie Haddon
                                       Case Manager